## No. 334

### BUNTING v. YOUNGLES

Ohio Appeals, 9th Dist., Summit Co.

No. 1231. Decided Feb. 21, 1927

1063. ROADS & HIGHWAYS—Pedestrian along highway not guilty of negligence for failure to look back for vehicles travelling in direction in which he was walking; and it is duty of automobile driver to warn such pedestrian by horn or otherwise so as to give him an opportunity to step aside.

#### First Publication of this Opinion

FUNK, J.

Martin Youngles instituted an action in the Summit Common Pleas against Ethel Bunting claiming to have suffered personal injuries by reason of being struck and knocked down by the automobile driven by Bunting.

Negligence of Bunting was alleged but she averred negligence of Youngles in walking on the public highway without exercising ordinary care in maintaining a lookout for vehicles and the injury was due to the sole negligence of Youngles alone. The jury returned a verdict in favor of Younglees and error proceedings were instituted to reverse this judgment.

It was contended by Bunting that the plaintiff was barred from recovering for the violation of 6316-34 GC. which it was claimed was negligence per se. The statute provides in substance that where there are crosswalks or cinder paths. parallel to the public road. pedestrians shall not walk in the vehicular traveled portion of such public road or highway.

The Court of Appeals held:

1. It is apparent from the record that the defendant Bunting did not know of this section of the Code at the time of answer. and there is nothing in the pleadings or the evidence concerning it. no claim being made for it until presented in this court.

2. This section. being vague and apparently meaningless so far as any walks. other than cinder paths are concerned. it is not necessary to decide what. if any. effect the fact that the ground was covered with snow and that plaintiff had never been on this road before the night of the accident and did not know that there was any side walk of any kind.

3. It was further claimed that the presumption of negligence on part of Youngles was not dispelled. and it was therefore the court's duty to direct a verdict for defendant at the end of the plaintiff's case in chief.

4. It cannot be claimed that a pedestrian along a highway is guilty of negligence as a

matter of law for his failure to look back for vehicles traveling in the same direction in which he was going, and no duty devolves upon the driver to warn such pedestrian by horn or otherwise at such time as would give the pedestrian time to step aside.

5. It was a question for the jury to determine whether Youngles was guilty of any negligence, or whether the proximate cause was due to the negligence of either or both or neither of the parties. There being no prejudicial error, the judgment is affirmed.

Judgment affirmed.

(Washburn, PJ., and Pardee, J., concur.)

Attorneys—Herberich, Burroughs & Bailey for Bunting; Mathers, Nesbitt & Willkie and T. A. Conway for Youngles; all of Akron.